# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

PATRICIA ADAMS, individually and on behalf
of all similarly situated individuals and on
behalf of the Proposed Rule 23 Class,

       Plaintiff,

v.

CARING ANGELS HOME CARE LLC,

       Defendant.

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

Patricia Adams, by and through the undersigned counsel, hereby brings this Collective and Class Action Complaint against Caring Angels Home Care LLC and states as follows:

## INTRODUCTION

1.　　This is a Collective and Class Action brought by Patricia Adams ("Plaintiff" or "Adams") on behalf of herself and all similarly situated current and/or former employees of Caring Angels Home Care LLC ("Defendant" or "Caring Angels"), to recover for Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Colorado Wage Act (the "CWA"), C.R.S. §§ 8-4-101, *et seq.*, the Colorado Minimum Wage Order Numbers 32 through 35 (the "MWOs"), 7 CCR 1103-1 (collectively, "Colorado wage and hour laws"), alleged contractual obligations (or unjust enrichment if no contract is found), and other appropriate rules, regulations, statutes, and ordinances.

2.　　Upon information and belief, Defendant employs individuals as Home Health Aides, Home Care Aides, or other home health care jobs performing the same or similar job duties

(collectively, "Aides") to provide nursing, personal care, and other direct care services to individuals in their homes.

3.      Defendant employed Plaintiff as a Home Care Aide/Home Health Aide and Plaintiff regularly worked in excess of 40 hours in a workweek, however, Defendant failed to pay her overtime premiums of one and one-half times her regular rate of pay for her hours worked in excess of 40 in a workweek.

4.      Prior to the U.S. Department of Labor ("DOL")'s Final Rule in 2015, the FLSA exempted certain domestic service workers from the FLSA's minimum wage and overtime provisions. However, in 2015, the DOL mandated that "third party employers of direct care workers (such as home care staffing agencies) are not permitted to claim either the exemption for companionship services or the exemption for live-in domestic service employees." *See* DOL Fact Sheet: Application of the Fair Labor Standards Act to Domestic Service, Final Rule, attached hereto as Exhibit 1.

5.      After the Final Rule's effective date in 2015, Defendant knew or should have known that its employees were and are owed overtime under the FLSA because Defendant was no longer able to claim the companionship services exemption to its direct care employees. Defendant could have and should have properly compensated Plaintiff and the Class for the overtime work they performed, but it did not.

6.      Further, Defendant knew or should have known that its employees were entitled to overtime premiums under the Colorado state wage and hour laws as the Colorado wage and hour exemptions did not include any exemptions for domestic service worker positions like the FLSA did.

7.    On her own behalf, and on behalf of all other similarly situated current and/or former Aides of Defendant who were not properly compensated when Defendant improperly withheld overtime premiums of one and one-half times their regular rates of pay for hours worked in excess of 40 in a workweek, Plaintiff seeks a declaration that her rights, the rights of the putative FLSA Class, and the rights of the putative Rule 23 Class were violated, and seeks to recover an award of unpaid wages and overtime premiums, liquidated damages, penalties, injunctive and declaratory relief, attorneys' fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

8.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq*.

9.    This Court also has subject-matter jurisdiction over Plaintiff's Collective Action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

10.    This Court has supplemental jurisdiction over the Colorado state wage and hour claims pursuant to 28 U.S.C. § 1367 because all Colorado state wage and hour claims are so related to the federal claims that "they form part of the same case or controversy" such that they should be adjudicated in one judicial proceeding.

11.    Upon information and belief, Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis.

12.    Defendant's employees, including Plaintiff, engage in interstate commerce as contemplated by the Act—including, but not limited to utilizing telephone lines, handling goods,

such as brooms, mops, vacuum cleaners, soaps, detergents, medications, and medical supplies, that moved in or were produced for interstate commerce—thereby covering Defendant's employees by the FLSA on an individual basis.

13.    This Court has personal jurisdiction over Defendant because its principal place of business is located within the State of Colorado, it conducts business within the State of Colorado, and it is registered to do business within the State of Colorado with the Colorado Secretary of State.

14.    Venue is proper in this District under 28 U.S.C. § 1391(b)-(d) because Defendant resides within this District, conducts substantial business within this District, and because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

15.    Plaintiff, Patricia Adams, is an individual who resides in the City of Trinidad, County of Las Animas, Colorado.

16.    Plaintiff was employed as an hourly paid Home Health Aide/Home Care Aide by Defendant, Caring Angels Home Care LLC, since approximately 2010 and is still currently employed by Defendant.

17.    Plaintiff brings this Action on behalf of herself, and on behalf of all similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the members of the putative FLSA Collective are current and former hourly paid Home Health Aides, Home Care Aides, or other home health care jobs performing the same or similar job duties (collectively, "Aides").

18.    Plaintiff's Consent to Sue is attached hereto as Exhibit 2.

4

19.     Upon information and belief, Caring Angels employs individuals as Aides to provide Defendant's clients with nursing, personal care, and other direct care services to those individuals, in their homes.

20.     Defendant is a Colorado limited liability company with its principal place of business located at 805 Arapahoe Street, Trinidad, Colorado 81082.

21.     Defendant is registered to do business in Colorado and can be served through its Registered Agent, Sandra Augusto, at 805 Arapahoe Street, Trinidad, Colorado 81082.

## GENERAL ALLEGATIONS

22.     Defendant employed Plaintiff as an hourly paid Home Health Aide/Home Care Aide from approximately 2010 and Plaintiff is currently still employed by Defendant.

23.     As Defendant's employee, Plaintiff provided home health care and home care services to Defendant's clients in Defendant's clients' homes. Defendant tasked Plaintiff with providing provided home health care and home care services to multiple clients of Defendant's throughout Plaintiff's tenure of employment.

24.     Plaintiff's job duties as a Home Health Aide/Home Care Aide included, but were not limited to, cleaning Defendant's clients homes with use of brooms, mops, vacuum cleaners, soaps, and other cleaning supplies; taking Defendant's clients to run errands; shopping and buying groceries for Defendant's clients; meal preparation and cooking for Defendant's clients; and assisting with bathing/showering and other personal direct client care.

25.     Plaintiff's hourly rate is $11.00 per hour. Her hourly rate was previously $10.50 per hour.

26.     Throughout Plaintiff's employment, and currently, Plaintiff regularly worked more than 40 hours per workweek in the homes of Defendant's clients. Plaintiff typically works beginning at 8:00 a.m. until 9:00 p.m. or 10:00 p.m., Monday through Sunday.

27.     At all times relevant to this Complaint, Defendant paid Plaintiff her straight hourly rate for all hours worked and withheld wages at one and one-half times her hourly rate when she worked more then 40 hours per workweek. *See e.g.*, *Paystubs for Period Beginning 8/1/2018 and Period Ending 8/15/2018*, attached hereto as Exhibit 3 (noting Plaintiff worked 188.50 hours).

28.     Defendant knew, or should have known, that the FLSA stands as a broad expression of Congressional policy that employers must treat workers fairly in the workplace, including a statutory, mandatory overtime pay provision, and in 1974, Congress extended the FLSA's coverage to "domestic services employees." 29 U.S.C. § 202(a), 206(f), 207 (l); *see* 78 Fed. Reg. 60,454, 60,457 (Oct. 1, 2013) (explaining statutory and regulatory scheme).

29.     Defendant knew, or should have known, that the burden is on the employer to justify any claimed exemption from FLSA coverage and that in October 2013, the Department of Labor issued a final rule ("the 2015 regulations"), substantially revising the regulations implementing the FLSA's statutory exemptions, effective January 1, 2015. 78 Fed. Reg. 60, 454 (Oct. 1, 2013).

30.     Defendant knew, or should have known, that based on the 2015 regulations, the FLSA's overtime premium protections to workers employed as certified nursing assistants, home health aides, personal care aides, and caregivers were extended.

31.     Defendant knew, or should have known, that the 2015 regulations included a provision which affected third-party employers' obligations under the FLSA. *See* 29 CFR § 552.109.

32.    Defendant knew, or should have known, that "[t]hird party employers of employees engaged in companionship services within the meaning of § 552.6 may not avail themselves of the minimum wage and overtime exemption . . ." 29 CFR § 552.109(a).

33.    Defendant knew, or should have known, that the FLSA's domestic companionship service employment exemption, 29 U.S.C. § 213(a)(15), could no longer be claimed by third party employers of direct care workers, such as Plaintiff and the putative FLSA class, as of January 1, 2015. *See* Exhibit 1.

34.    Defendant knew, or should have known, that as of January 1, 2015, the FLSA's domestic companionship service employment exemption, 29 U.S.C. § 213(a)(15), was neither intended to exempt nor by proper statutory interpretation does exempt employees of businesses such as Defendant's that are third party employers of direct care workers, such as Plaintiff and the putative FLSA class.

35.    As a third-party employer of direct care workers, such as Plaintiff and the putative FLSA class, Defendant knew, or should have known, that its Aides were and are required to be paid overtime premiums.

36.    Despite this, Defendant does not pay overtime premiums to its Aides when they work in excess of 40 hours per workweek.

37.    Defendant knew, or should have known that, under the FLSA, Plaintiff the putative FLSA class should have been paid overtime "at a rate not less than one and one-half times the regular rate" and which she was employed. 28 U.S.C. § 207(a)(1).

38.    Further, Defendant knew, or should have known, that the Colorado wage and hour laws requires covered employers such as Defendant to compensate all non-exempt employees, at a rate of not less than one and one-half times their regular rate of pay, for work performed in excess

of 40 hours per workweek or 12 hours per workday. 7 CCR 1103-1 § 4; *See also*, *Kennett v. Bayada Home Health Care, Inc.*, 135 F.Supp.3d 1232 (D. Colo. 2015).

39.    Despite this, Defendant did not and does not pay overtime premiums at one and one-half times the regular rates of pay of their Aides for their hours worked in excess of 40 hours per week or 12 hours per day.

40.    In reckless disregard of the FLSA, the CWA, and the MWOs, Defendant adopted and adhered to its policy and plan of treating Plaintiff and other similarly situated Aides exempt from the FLSA's and Colorado wage and hour overtime requirements.

## COLLECTIVE ACTION ALLEGATIONS

41.    Plaintiff brings this Action pursuant to 29 U.S.C. § 216(b) of the FLSA, individually and behalf of a putative FLSA class of:

> All current and former Home Health Aides, Home Care Aides, or other home health care jobs performing the same or similar job duties (collectively, "Aides") employed by Caring Angels Home Care LLC in the last three years, who worked 40 hours or more in a single workweek.

Plaintiff reserves the right to amend this putative FLSA class definition as necessary.

42.    Plaintiff does not bring this Action on behalf of any employees exempt from cover under the FLSA pursuant to the executive, administrative, or professional exemptions, or for those employees who were paid overtime at the proper legal rate for each hour worked over 40 hours in a workweek.

43.    *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions;

(b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendant's policy of not paying their employees overtime at a rate of one-and-one-half times their regular rate); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendant and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

44.    Upon information and belief, there are numerous other similarly situated current and former employees who performed uncompensated overtime hours in violation of FLSA and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective Class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

45.    Plaintiff shares the same interests as the putative conditional class and will be entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA.

**COLORADO WAGE AND HOUR CLASS ACTION ALLEGATIONS**

46.    Plaintiff brings this Action pursuant to Rule 23(b)(3) and (c)(4) on behalf of a putative Rule 23 Colorado class defined to include:

> All current and former Home Health Aides, Home Care Aides, or other home health care jobs performing the same or similar job duties (collectively, "Aides") employed by Caring Angels Home Care LLC in the last three years, who worked 40 hours or more in a single workweek or 12 hours or more in a single workday.

Plaintiff reserves the right to amend this putative FLSA class definition as necessary.

47.    *Numerosity*: The members of the Colorado class are so numerous that joinder of all members in the case would be impracticable, and the disposition of their claims as a Colorado class will benefit the Parties and the Court. The precise number of Colorado class members should be readily available from a review of Defendant's personnel and payroll records.

48.     *Commonality/Predominance*: There is a well-defined community of interest amount the Colorado class members and common questions of *both* law and fact predominate in the Action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

a.  whether Defendant permitted or suffered its employees to perform worked beyond 40 hours in a workweek or beyond 12 hours in a workday;

b.  whether Defendant maintained common policies, plans, or practices that denied overtime premiums of one and one-half times Defendant's employees' regular rates of pay to be paid for their hours worked in excess of 40 hours in a workweek or 12 hours in a workday;

c.  whether the CWA and MWOs require Defendant to pay overtime premiums to Plaintiff and the putative Colorado class members;

d.  whether Defendant violated the CWA and MWOs through its pay practices;

e.  whether Defendant's violations were willful; and

f.  whether Defendant should be required to pay compensatory damages, attorneys' fees and costs, and interest for violating the CWA and MWOs.

49.     *Typicality*: Plaintiff's claims are typical of those of the Colorado class in that Plaintiff and all other members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, and course of conduct of Defendant, as all other Colorado class members' claims. Plaintiff's legal theories are based on the same legal theories as all other Colorado class members: whether all Colorado class members were employed by Defendant on an hourly basis,

working over 40 hour per workweek or 12 hours per workday, without receiving overtime wages for that work.

50.     *Adequacy*: Plaintiff will fully and adequately protect the interest of the Colorado class. Plaintiff retained national counsel who are qualified and experience in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel has interests that are contrary to, or conflicting with the interests of the Colorado class.

51.     *Superiority*: A class action is superior to the other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for the Colorado class members to prosecute individual actions on their own, given the relatively small amount of damages at stake of each individual, along with fear of reprisal by Defendant. This case will be manageable as a class action. Plaintiff and her counsel know of no unusual difficulties in the case and Defendant has payroll systems that will allow the class, wage, and damages issues in the Action to be resolved with relative ease.

52.     Because the elements of Rule 23(b)(3), or in the alternative, (c)(4), are satisfied in the Action, Rule 23 class certification is appropriate. *See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

53.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

54.     At all times relevant to this Action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*

55.    Upon information and belief, Defendant is engaged in interstate commerce as defined by the FLSA, Defendant's annual sales exceed $500,000, and it has more than two employees, so the FLSA applies in this case on an enterprise basis.

56.    At all times relevant to this Action, Plaintiff was an "employee" of Defendant under the FLSA, 29 U.S.C. § 203(e)(1), entitled to the protections of 29 U.S.C. §§ 201, *et seq.*

57.    Plaintiff engaged in commerce as contemplated by the Act—including, but not limited to utilizing telephone lines, handling goods, such as brooms, mops, vacuum cleaners, soaps, detergents, medications, and medical supplies, that moved in or were produced for interstate commerce—thereby covering her on an individual basis.

58.    The position of Home Health Aide is not exempt from the FLSA.

59.    The position of Home Care Aide is not exempt from the FLSA.

60.    Defendant's other job titles performing the same or similar job duties as Home Health Aide or Home Care Aide is not exempt from the FLSA.

61.    At all times relevant to this Action, Defendant "suffered or permitted" Plaintiff to work, and thus "employed" her within the meaning of FLSA, 29 U.S.C. § 203(g).

62.    The FLSA requires an employer to pay employees the federal mandated overtime premium rate of one and one-half times the employee's regular rate of pay for every hour worked in excess of 40 hours per work week. *See* 29 U.S.C. § 207.

63.    Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium of one and one-half times Plaintiff's regular rate of pay for all hours she worked in excess of 40 hours per workweek.

64.    Plaintiff regularly worked in excess of 40 hours per workweek, typically working up to 44 hours of overtime per workweek (12 hours per day *multiplied by* 7 days per week *equals* 84 hours *minus* 40 hours). *See e.g.*, Exhibit 3.

65.    Plaintiff's hourly rate is $11.00 per hour. Her hourly rate was previously $10.50 per hour.

66.    Defendant failed to pay Plaintiff for her hours worked in excess of 40 hours per workweek at the federally mandated overtime premium of one and one-half times Plaintiff's regular rate of pay, and instead only paid Plaintiff straight time (i.e., her regular hourly rate) for hours she worked in excess of 40 hours per workweek. *See e.g.*, Exhibit 3.

67.    Upon information and belief, Defendant has corporate policies and practices of evading overtime pay for its hourly workers.

68.    Upon information and belief, Defendant's violations of the FLSA are knowing and willful.

69.    By failing to compensate its hourly workers at a rate not less than one and one-half times their regular rates of pay for work performed in excess of 40 hours in a workweek, Defendant has violated the FLSA, including, but not limited to, 29 U.S.C. § 207(a)(1) and 215(a). All similarly situated employees are victims of a uniform and company-wide policy which operates to compensate employees at a rate less than the federally mandated overtime wages rate. This uniform policy, in violation of the FLSA, has been, and continues to be applied to all employees who have worked or are working for Defendant in the same or similar position as Plaintiff.

70.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages, plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

13

## COUNT II

### VIOLATION OF THE COLORADO WAGE AND HOUR LAWS
### C.R.S. §§ 8-4-101, *et seq.*, and 7 CCR 1103-1, FAILURE TO PAY OVERTIME WAGES

71.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

72.    At all times relevant to this Action, Defendant was an "employer" under the CWA, C.R.S. §§ 8-4-101(6), subject to the provisions of C.R.S. §§ 8-4-101, *et seq.*,

73.    At all times relevant to this Action, Plaintiff was an "employee" of Defendant under CWA, C.R.S. §§ 8-4-101(5), entitled to the protections of C.R.S. §§ 8-4-101, *et seq.*,

74.    The CWA requires "[a]ll wages or compensation . . . earned by any employee in any employment . . . due and payable for regular pay periods no greater duration than one calendar month or thirty days . . ." C.R.S. § 8-4-103(1)(a).

75.    At all times relevant to this Action, Defendant was covered under the MWOs. *See* 7 CCR 1103-1 subd. 2(D) ("any business or enterprise engaged in providing medical . . . or other health services including but not limited to . . . home health care . . .").

76.    The MWOs 32 through 35 require employees "be paid time and one-half of the regular rate of pay for any work in excess of: (1) forty (40) hours per workweek; (2) twelve (12) hours per workday . . ." 7 CCR 1103-1 subd. 4.

77.    The position of Home Health Aide is not exempt from the CWA or MWOs.

78.    The position of Home Care Aide is not exempt from the CWA or MWOs.

79.    Defendant's other job titles performing the same or similar job duties as Home Health Aide or Home Care Aide is not exempt from the CWA or MWOs.

80.    Defendant violated the CWA and MWOs by failing to pay Plaintiff the state mandated overtime premium of one and one-half times Plaintiff's regular rate of pay for all hours she worked in excess of 40 hours per workweek or 12 hours per workday.

81.     Plaintiff regularly worked in excess of 40 hours per workweek and 12 hours per workday, typically working up to 44 hours of overtime per workweek (12 hours per day *multiplied by* 7 days per week *equals* 84 hours *minus* 40 hours). *See e.g.*, Exhibit 3.

82.     Plaintiff's hourly rate is $11.00 per hour. Her hourly rate was previously $10.50 per hour.

83.     Defendant failed to pay Plaintiff for her hours worked in excess of 40 hours per workweek and/or failed to Plaintiff for her hours worked in excess of 12 hours per workday at the state mandated overtime premium of one and one-half times Plaintiff's regular rate of pay, and instead only paid Plaintiff straight time (i.e., her regular hourly rate) for hours she worked in excess of 40 hours per workweek. *See e.g.*, Exhibit 3.

84.     Upon information and belief, Defendant has corporate policies and practices of evading overtime pay for its hourly workers.

85.     Upon information and belief, Defendant's violations of the CWA and MWO are knowing and willful.

86.     By failing to compensate its hourly workers at a rate not less than one and one-half times their regular rates of pay for work performed in excess of 40 hours in a workweek and/or 12 hours in a workday, Defendant has violated the CWA and MWO. All similarly situated employees are victims of a uniform and company-wide policy which operates to compensate employees at a rate less than the state mandated overtime wages rate. This uniform policy, in violation of the the CWA and MWO, has been, and continues to be applied to all employees who have worked or are working for Defendant in the same or similar position as Plaintiff.

87.     An employee is entitled to his or her unpaid overtime wages by bringing a civil action pursuant to C.R.S. § 8-4-111(7).

**WHEREFORE**, Plaintiff requests the following relief:

    a.  Certifying this Action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

    b.  Designating Named Plaintiff as the FLSA Class Representative;

    c.  Certifying the Colorado class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the Colorado state law claims set forth above;

    d.  Designating Named Plaintiff as the Rule 23 Colorado Class Representative;

    e.  Declaring that Defendant violated its obligations under the FLSA;

    f.  Declaring that Defendant willfully violated the FLSA and its attendant regulations set forth above;

    g.  Declaring that Defendant violated its obligations under the CWA and the MWOs 32 through 35;

    h.  Declaring that Defendant willfully violated the CWA and the MWOs 32 through 35 and their attendant regulations set forth above;

    i.  Granting judgment in favor of Plaintiff and against Defendant, and awarding Plaintiff the amount of unpaid overtime wages calculated at a rate of one-half (0.5) times Plaintiff's regular rate of pay multiplied by all hours that Plaintiff worked in excess of 40 hours per workweek for the past three years;

    j.  Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff;

    k.  Granting judgment in favor of the FLSA Class, and awarding the amount of unpaid overtime wages calculated at a rate of one-half (0.5) times the FLSA Class's regular

rates of pay multiplied by all hours that the FLSA Class worked in excess of 40 hours per workweek for the past three years;

l.   Awarding liquidated damages to the FLSA Class, in an amount equal to the amount of unpaid overtime wages found owing to the FLSA Class;

m.   Granting judgment in favor of Plaintiff and against Defendant, and awarding Plaintiff the amount of unpaid overtime wages calculated at a rate of one-half (0.5) times Plaintiff's regular rate of pay multiplied by all hours that Plaintiff worked in excess of 12 hours per workday for the past three years;

n.   Granting judgment in favor of the Colorado Class and against Defendant, and awarding the Colorado Class the amount of unpaid overtime wages calculated at a rate of one-half (0.5) times Plaintiff's regular rate of pay multiplied by all hours that Plaintiff worked in excess of 12 hours per workday for the past three years;

o.   Awarding Plaintiff, the FLSA Class, and the Colorado Class all other available compensatory damages, including, *inter alia*, all unpaid wages and lost interest owed by Defendant under the FLSA, CWA, and/or MWOs;

p.   Awarding costs and reasonable attorneys' fees incurred by Plaintiff for filing this Action;

q.   Awarding post-judgment interest to Plaintiff and the FLSA Class on FLSA damages; and

r.   Such further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Date: May 29, 2019

Respectfully submitted,

s/ *Theodore E Laszlo, Jr.*
Theodore E Laszlo, Jr. (CO Reg. #36234)
Michael J. Laszlo, Esq. (CO Reg. #38206)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410 (phone)
(303) 443-0758  (fax)
Email: tlaszlo@laszlolaw.com
 mlaszlo@laszlolaw.com

*Local Counsel for Plaintiff*

Molly E. Nephew (MN Bar No. 397607)*
Jennell K. Shannon (MN Bar No. 398672)**
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, Minnesota 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
mnephew@johnsonbecker.com
jshannon@johnsonbecker.com

*Trial Counsel for Plaintiff*

*Admitted in U.S. District Court for the
District of Colorado

**Admission application anticipated

18